6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANCISCO X. SOLIS, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. B-01-89 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

**RESPONDENT JOHNSON'S MOTION TO DISMISS AS TIME-BARRED
PURSUANT TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent Gary L. Johnson, Director of the Texas Department of Criminal Justice's Institutional Division, ("the Director"), by and through his attorney of record, the Attorney General for the State of Texas, and files this Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support. In support thereof, the Director would respectfully show the court the following:

**I.**

**JURISDICTION**

This court has jurisdiction over the parties and the subject matter, pursuant to 28 U.S.C. § 2241 and § 2254.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by petitioner, Francisco X. Solis, ("Solis"), except for those allegations supported by the record and for those allegations specifically admitted herein.

## III.

## STATEMENT OF THE CASE

Solis challenges the Director's lawful custody of him pursuant to two judgments and sentences from the 197th District Court of Cameron County, Texas, in cause numbers 90-CR-1023-C and 90-CR-1024-C, styled *The State of Texas v. Francisco J. Solis A/K/A Frankie Solis. Ex parte Solis,* Application No. 48,304-01, at 96-99; Exhibit A (copy of commitment inquiry). Solis was indicted for murder and murder with a deadly weapon. *Id.* at 32; Exhibit A. Solis pleaded guilty to the charged offenses. *Id.* at 96-99; Exhibit A. On January 21, 1991, the court found Solis guilty of the charged offenses and sentenced Solis to life imprisonment in the Texas Department of Corrections, now referred to as the Texas Department of Criminal Justice, Institutional Division, ("TDCJ-ID"), in both causes. *Id.*; Exhibit A.

Solis did not directly appeal his convictions.[1] Fed. Writ Petition at 3. Solis filed his only state writ of habeas corpus application on October 17, 2000.[2] *Ex parte Solis*, Application No. 48,304-01, at 1. The Texas Court of Criminal Appeals denied the writ without written order on February 28, 2001. *Id.* at cover.

A copy of Solis's state writ of habeas corpus will be sent to the court under separate cover as soon as it is reproduced.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Solis to allege the following:

1. He was denied effective assistance of counsel.

2. He was denied the right to trial by jury.

---

[1] This fact was confirmed by the Cameron County clerk on May 9, 2001.

[2] Solis also filed a writ of mandamus on March 12, 2001; however, the Texas Court of Criminal Appeals denied such motion for leave to file without written order on March 28, 2001. This writ of mandamus is irrelevant to the instant proceedings.

    3.    He was charged with a fundamentally defective indictment.

Fed. Writ Petition at 7-7f.

## V.

## EXHAUSTION

Pending a ruling on this motion to dismiss as time-barred pursuant to 28 U.S.C. § 2244(d) with brief in support, the Director reserves the right to argue whether Solis has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c) on the allegations as construed above and, if not, whether any of the above allegations have been procedurally defaulted.

## VI.

## MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d)

**Standard of Review**

A petition for federal habeas corpus relief is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996(the "AEDPA") if the petition is filed after April 24, 1996 -- the effective date the federal habeas corpus statutes were amended. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 2338 (1998) (AEDPA applies to a petition filed by state prisoner after April 24, 1996); *see Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997) (AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996). The Director will assume *arguendo* that Solis filed his federal writ of habeas corpus on or near March 29, 2001, the date Solis signed the petition; therefore, Solis's writ petition is subject to review under the AEDPA. Fed. Writ Petition at 9.[3]

---

[3] In *Spotville v. Cain*, the Fifth Circuit held that a "*pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." 149 F.3d 374, 378 (5th Cir. 1998). For purposes of this motion, the Director will assume that the date the writ petition was signed was the day it was given to prison officials for mailing.

3

**Solis's Writ Petition is Untimely Under the AEDPA's One-year Period for Filing Federal Writ Petitions.**

Solis raises allegations challenging his murder convictions. Fed. Writ Petition at 7-7f. However, Solis's writ petition was not filed within the limitations period mandated by the AEDPA. Therefore, this writ petition must be dismissed as time-barred.

The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C.§ 2244(d) set forth four different scenarios that start the running of the one-year limitations period:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Because Solis's claims were discoverable at the imposition of his convictions for murder, the scenario which best applies to the instant petition is §2244 (d)(1)(A),[4] which commences the one-year period for filing from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review.

In the immediate case, Solis was found guilty and sentenced by the court on January 21, 1991. *Ex parte Solis*, Application No. 48,304-01, at 96-99; Exhibit A. Solis did not directly appeal his conviction. Fed. Writ Petition at 3. Thus, his conviction became final at the end of thirty days, which is the amount of time he had to file an appeal. *See* TEX. R. APP. PROC. 41(b)(1) (West 1990).[5] Consequently, the AEDPA's one-year statutory filing period began on February 20, 1991, and expired by February 20, 1992. 28 U.S.C. § 2244(d)(1)(A). Therefore, since Solis did not file his federal writ petition until March 29, 2001, it is over nine years too late. Fed. Writ Petition at 9.

Following enactment of the AEDPA, courts recognized that if the one-year statutory period of limitations established by 28 U.S.C. § 2244(d)(1) was "literally and mechanically applied, then ... any prisoner whose judgment of conviction had become final more than one year prior to the enactment of the AEDPA would have been barred from seeking collateral relief as of the moment the AEDPA was signed into law." *United States v. Flores*, 135 F.3d

---

[4] The scenario described in (d)(1)(B) does not apply to state writs and does not apply in this case due to lack of assertion by Solis. Moreover, (d)(1)(C) does not apply because this case does not involve any claim of any new rights previously unrecognized by the Supreme Court. Finally, the federal habeas statute requires that the filing period commence from the latest of the four filing dates provided in 28 U.S.C.§ 2244 (d)(1)(A)-(D). As a result, (d)(1)(D) does not apply because although the factual basis of Solis's claims was immediately discoverable at the time of his convictions, (d)(1)(A) applies and provides a later starting date for the one-year filing period to commence. 28 U.S.C. § 2244 (d)(1)(A)-(D).

[5] (b)(1) Time to Perfect Appeal. Appeal is perfected when notice of appeal is filed within thirty (fifteen by the State) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; TEX. R. APP. PROC. 41(b)(1) (current version at 26.2).

5

1000, 1004 (5th Cir. 1998). Indeed, Solis would have fit just such a profile, as discussed immediately *supra* in this pleading.

To avoid this result, courts determined that a reasonable time grace period must be allowed for prisoners to file their federal habeas petitions. As a result, the Fifth Circuit adopted a bright-line rule that "one year, running from the effective date of the AEDPA [April 24, 1996], constitutes a reasonable time." *Flores*, 135 F.3d at 1005. Accordingly, prisoners such as Solis whose convictions became final prior to the effective date of the AEDPA must file habeas petitions by no later than the one-year deadline of April 24, 1997, or face dismissal. *Id.*; *see also Flanagan v. Johnson*, 154 F.3d 914, 916 (5th Cir. 1998) (one-year grace period ends on April 24, 1997). Since Solis did not file the instant federal petition until March 29, 2001, his petition is three years and eleven months too late. Fed. Writ Petition at 9. Solis's claims are time-barred under the court-created one-year grace period and, thus, these claims should be dismissed with prejudice as a matter of law.

Further, although the AEDPA provides a tolling provision, Solis cannot take advantage of it to extend the one-year deadline for filing his federal writ petition. The AEDPA provides tolling of the limitations period as follows:

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. §2244(d)(2); *Davis v. Johnson*, 158 F.3d 806, 810-811 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (*Flores*-created one-year grace period may also be tolled during the pendency of a properly filed application for state writ.). However, the only way the deadline can be tolled is for Solis to have properly filed an application for state court collateral review during the one-year grace period of April 24, 1996 and April 24, 1997.

6

In the instant case, no tolling event ever occurred during the one-year grace period. Solis's state writ of habeas corpus was filed on October 17, 2000, which is over three years and five months after the grace period had ended. Therefore, no application for state court collateral review was pending during the grace period and, as such, tolling is not an issue. Accordingly, Solis's federal writ petition remains time-barred.

Furthermore, the fact that Solis may have been proceeding *pro se* during certain periods of time following his conviction does not excuse his failure to file this petition earlier. *Cf. Fisher v. Johnson*, 174 F.3d 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing (citations omitted)"); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse-of-the-writ). Moreover, Solis cannot claim that he could not comply with the statutory filing period because he did not learn of it in time. Ignorance of the law does not excuse the failure to comply with the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S. Ct. 622 (2000). Finally, Solis's choice in waiting to pursue his claim in federal court should not excuse his failure to file the instant petition before the end of the limitations period. *See e.g., Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 772 (1997).

Because Solis failed to file his federal writ within the applicable time limits, his claims are untimely as a matter of law and his federal writ petition should be summarily dismissed with prejudice as time-barred.

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that his motion to dismiss be granted and that Solis's petition for federal writ of habeas corpus

be dismissed with prejudice. In the event this court does not dismiss Solis's petition as time-barred, then the Director respectfully requests thirty days to further respond to Solis's allegations.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

DENISE A. VILLARREAL*
Assistant Attorney General
State Bar No. 24008212
Southern Dist. No. 25314

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Telephone: (512) 936-1400
Telecopier: (512) 936-1280

ATTORNEYS FOR RESPONDENT

8

## NOTICE OF SUBMISSION

To: Francisco X. Solis, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

<u>*/s/ De A Veel*</u>
DENISE A. VILLARREAL
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Denise A. Villarreal, Assistant Attorney General for the State of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 26th day of July, 2001, addressed to:

Francisco X. Solis
TDCJ-ID No. 586219
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

<u>*/s/ De A Veel*</u>
DENISE A. VILLARREAL
Assistant Attorney General

# Exhibit A

ClibPDF - www.fastio.com

```
CSIMF800/INI801                   TMENT INQUIRY              04   /01 09:48:40
INMTCICS/LHA9541 /JC02  TDCJ-ID  NO: 00586219 SIDNO: 04361027
 NAME: SOLIS,FRANCISCO J.           APPL:     STATUS: A RD ST L3   #OFF: 02
 OLD TDC#: 00000000 CNTY CONV: 031                                    70TH
 OFF-REC:     0915 PRJ RL: XXXXXXXXXX REC:  05-28-1991 MAX-TERM: 9999Y 99M 99D
 PEN-REC: 019.020 MAX-EX: 01-01-9999 BEGIN: 07-12-1990 PAR-ELIG: 07-11-2005
                                                       INMATE TYPE: ID
    OFFCD: 09150000 MURDER                                             70TH
     PENAL:019.020   MS:N PLEA:G CAUSE:90-CR-1024-C     CNT:   OFF:06-29-1990
     CC  CNTY OFF:031   CNTY/CRT:031 197 MAX TERM:9999Y 99M 99D  BEG:07-12-1990
     MIN EXP:01-01-9999 MAX:01-01-9999 PAR ELIG:02-14-2001 SENTENCED:01-21-1991
     OFF TDCNO: 00586219                                CTO DATE 01-01-0001
    OFFCD: 09150000 MURDER W/DEADLY WPN        DEADWPN FLAT-ONLY     70TH
     PENAL:019.020   MS:N PLEA:G CAUSE:90-CR-1023-C     CNT:   OFF:06-29-1990
     CC  CNTY OFF:031   CNTY/CRT:031 197 MAX TERM:9999Y 99M 99D  BEG:07-12-1990
     MIN EXP:01-01-9999 MAX:01-01-9999 PAR ELIG:07-11-2005 SENTENCED:01-21-1991
     OFF TDCNO: 00586219                                CTO DATE 01-01-0001




 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
 END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *FRANCISCO X. SOLIS,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-89 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## O R D E R

Came on this day to be considered, Respondent Johnson's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support and this court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is therefore ORDERED that Respondent Johnson's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) be, and hereby is, GRANTED, and Petitioner's federal petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

It is further ORDERED that all motions filed by either party and not previously ruled upon by this court are hereby rendered MOOT.

It is so ORDERED.

SIGNED on this the _____ day of _____, 2001.

_____
JUDGE PRESIDING