IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO X. SOLIS §
   PETITIONER §
 §
VS. §
 §
GARY L. JOHNSON, DIRECTOR § CIVIL ACTION NUMBER
TEXAS DEPARTMENT OF CRIMINAL § B-01-89
JUSTICE, INSTITUTIONAL DIVISION §
   RESPONDENT §

United States District Court
Southern District of Texas
FILED
AUG 23 2001
Michael N. Milby
Clerk of Court

PETITIONER "SOLIS" MOTION OF REBUTTAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PETITIONER FRANCISCO X. SOLIS, IN SUCH STYLE AND FORM, HEREIN FILES THIS MOTION OF REBUTTAL. IN SUPPORT THERE-OF, THE PETITIONER WOULD RESPECTFULLY SHOW THE COURT THE FOLLOWING:

I
— Jurisdiction —

THIS COURT HAS JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER, PURSUANT TO 28 U.S.C. § 2241 AND § 2254

II
— Rebuttal —

THE PETITIONER (SOLIS) REBUTS TO RESPONDENT JOHNSON'S ALLEGATIONS, THAT SUCH HAVE NO FACTUAL MERITS TO SUPPORT JOHNSON'S MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(D)

(D) "THE DATE WHICH THE FACTUAL PREDICATES OF THE CLAIM OR CLAIMS PRESENTED COULD HAVE BEEN DISCOVERED THROUGH THE EXERCISE OF DUE DILIGENCE"

— pg 1 —

Respondent Johnson "only assumes" that such claims where discoverable at the imposition of petitioner (Solis's) convictions. Federal Civil Judicial Procedure and Rules (Edition 2000)
ART & 36.01(5) "Order of proceeding - in trial"
5) The nature of the defense relied upon and the facts expected to be proved in their support - <u>shall be stated by defendant's counsel</u>"; (8) In the event of a finding of guilty, the trial shall then proceed as set forth in Article & 37.07.
ART & 37.07 "Verdict must be general; separate hearing on proper punishment."
Respondent Johnson exhibits "A". does not clearly explain the actual court proceeding of January 21, 1991 by sentencing Judge Mester, such Judge convicted petitioner "Solis" to two consecutive life sentences. Petitioner "Solis" pleads to this Honorable Court that Johnson's exhibit "A" be discluded as invalid for lack of proper information. - it does support his (Johnson's) motion. Petitioner was indicted on different indictments cause numbers 90-CR-1023-C and 90-CR-1024-C one indictment for murder the other for two counts of capital murder. I will attach Courts response for support of these allegations. In further emphasis 28 U.S.C & 2244 (2)(A)(B)(i)(ii) "Finality of determination."
(2)(B)(i) The factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear & convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
Respondent Johnson, "In his attempt to curve" the amendments to habeas corpus status by antiterrorism and effective death penalty act (A.E.D.P.A)

-pg2-

"A.E.D.P.A) did not apply to pending "NON CAPITAL" cases; created entirely new chapters (154 & 1.07) for habeas proceedings in capital cases, with special rules favorable to states that meet certain conditions, that expressly applied to pending non-capital cases, so that, by negative implication, amendments were to apply only to those non-capital cases filed enactment 28 U.S.C. § 2254(b) such curving could result in questionary, that the "curving" would fall under the double jeopardy law. (En-banc). The purpose of the 28 U.S.C. § 2254 relating to habeas corpus, is clear, to require state convictions to meet federal constitutional requirements applicable to the states; the purpose does not change when petitioner is excused from meeting exhaustion requirement rather than exhausting all state remedies. 28 U.S.C. § 2254 (A)(B)(i)(ii)

(A) The applicant has exhausted the remedies "available" in the courts of the state; or

(B)(i) There is an absence of available state corrective process; or

(ii) Circumstances exist that render such process ineffective to protect the rights of the applicant; 5th Amendment; "Equal protections of due process law. See. Smith v. McCotter, C.A.5 (Tex) 1986, 786 F.2d 697; US. v Savely D. Kan. 1993, 814 F. Supp 1519; Phillips v. Donelly 216 F.3d 508, 511 (5th Cir 2000) Rehearing granted in part. 2000 WL 1191624 (5th Cir 8-22-2000) Felder v. Johnson 204 F.3d 168, 171-72 (5th Cir 2000) Petition for Cert filed May 8, 2000) (No-99-10243)

### III

- Right to petition for habeas corpus -
Petitioner (Solis) contends that the Federal Constitution does not require that habeas -

corpus or post conviction relief proceeding; only the right to petition the federal courts for habeas corpus and the right of the federal courts to grant a petition for habeas corpus are guaranteed by the Constitution;" Access to the courts". See Kelsey V. Fitzgerald, C.A. 8 (Min) 1978, 574 F.2d 443 Moreover when federal habeas relief is grounded on rule coming down after final conviction, in determining whether rule applies retro-actively, court must determine first whether argued rule is "new", and if it is, then determine applicability of either exception to retroactivity, that new rule places certain kinds of primary private individual conduct beyond power of criminal law-making authority to prescribe or that rule is watershed rule of criminal procedure implicating fundamental fairness and accuracy of criminal proceeding; see Hill V. McMackN. C.A. 6 (Ohio) 1989, 893 F.2d 810; Moore V. U.S 173 F.3d 1131 (8th Cir 1999); Field V. Mans 516 U.S. 59, 75, 116 S.Ct. 439, 446, 133 L.Ed 2d. 351 (1995) In Wilson V. Iseminger, 185 U.S. 55, 60-63, 22 S.Ct 573, 575, 46 L.Ed. 804 (1902) Where the court stated:

It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statutes could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statute of limitations, but, an un-lawfull attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions — Reasonable time.

-pg 4-

IN RESPONDENT Johnson's MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28.U.S.C § 2244(d) THE REASONABLE TIME IS TRULY MET. UNDER A.E.-D.P.A. ONE-YEAR PERIOD FOR filing FEDERAL WRIT PETITIONS. 28 U.S.C. § 2244 (A),(B) ARE MET BY PETITIONERS "solis":

1) THE date ON WHICH THE Judgement BECAME final by THE CONCLUSION OF direct REVIEW OR THE EXPIRATION OF THE TIME FOR SEEKING SUCH REview. (PETITIONERS STATE WRIT 48,304-01 WAS denied Febuary 28, 2001 Also His MANDAMUS ON THE SAME DATE) PETITIONER "solis" WRIT 28.U.S.C 254 FEDERAL WRIT WAS filed April 2, 2001 A MONTH and five days DIFFERENCE, THE GRACE TIME OF TOLLING WAS MET According TO A.E.D.P.A. IN WHICH provides TOLLING OF THE LIMITATIONS PERIOD AS follows.

B)(2) THE TIME during WHICH A properly filed Application FOR STATE POST-CONVICTION OR other COLLATERAL REVIEW WITH RESPECT TO THE pertinent Judgement OR claim IS pending SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATIONS UNDER THIS SUBSECTION. IN FURTHER REFERENCE THUS - § 2263 (b)(2)

(B) THE TIME REQUIREMENTS ESTABLISED by SUBSECTION (A) SHALL BE TOLLED

2) FROM THE date ON WHICH THE FIRST PETITION FOR POST-CONVICTION REVIEW OR OTHER COLLATERAL Relief IS filed UNTIL THE FINAL STATE court disposition OF SUCH PETITION. MOREOVER, UNDER NORMAL CIRCUMSTANCES, IT IS TRUE THAT TOLLING IS ONLY AVAILABLE IN "EXCEPTIONAL CIRCUMSTANCES." SEE FISHER V. JOHNSON 174-3d 710, 713 (5th cir 1999). PETITIONER "Solis" Fully Acknowledges THAT THE court CAN Allow AN UNTIMELY PEtition TO PRO-CEED UNDER THE doctrine OF EQUITABLE TOLLING IN EXTRAORDINARY CIRCUMSTANCES.

IN RESPONDENTS, JOHNSON MOTION HE USED A CONTROLLING CASE THAT BEST HELP'S CLEAR THIS FACTOR OF THE A.E.D.P.A ON (PG 3; AT VI) SEE Lindh V. Murphy 117 S.Ct. 2059, 2068 (1997) "A.E.D.P.A only applies to those NON CAPITAL habeas corpus case. IN WHICH THIS CAN-NOT BE APPLIED IN THIS CASE AS PETITIONER "Solis" WAS INDICTED CAUSE # 90-CR-C023C FOR TWO COUNTS OF CAPITAL MURDER. PETITIONER HAS NO FREE ACCESS TO A Z-ROX COPY MACHINE TO MAKE COPIES OF THE ORIGINAL INDICTMENT. PETITIONER "Solis" IS SUPPLING THIS ATTACHMENT OF HIS RECENT COUNTY COURTS RESPONCE TO HIS WRIT EX PARTE FRANCISCO X. SOLIS WRIT # 48-304-01. FIRST PG 1. ALSO PETITIONER WILL ATTACH A MOTION UNDER 28 U.S.C § 2250 <u>INDIGENT PETITIONER ENTITLED TO DOCUMENTS WITHOUT COST</u>. FURTHER MORE PETITIONER WILL ALSO, ATTACH OTHER LEGAL DOCUMENTS TO HELP SUPPORT THE ALLEGATIONS IN THIS MOTION OF REBUTTAL.

(1) COURT OF CRIMINAL APPEALS NOTIFICATION OF DENIAL OF APPLICANTS WRIT.

(2) "A QUESTIONABLE" COURT OF APPEALS THIRTEENTH DISTRICT DENIAL OF APPLICANTS MANDAMUS. IN WHICH PETITIONER IS FULLY AWARE THAT SUCH COURT HAD NO OFFICIAL BUSSNESS INTERTAINING SUCH MANDAMUS.

(3) STATE BAR OF TEXAS ANSWER TO A MOTION PETITIONER "Solis" filed AGAINST ATTORNEY ROBERT FRANKLIN FORD, WHO HAD AGREED TO TAKE PETITIONER (Solis's) CASE. BUT, NEVER DID ANY EFFORT IN PETITIONERS LEGAL WORK. THIS COURT CAN notice PETITIONERS MOTION OF COMPLAINT AND AFFIDAVIT AT "I": "THAT IN OR AROUND MID TO LATE <u>August OF THE YEAR 1997</u>" THAT PETITIONER HAD DILIGENTLY TRIED TO BRING HIS CASE BEFORE THE COURTS IN MID-90's

# IV
## — CONCLUSION —

WHEREFORE, PREMISES CONSIDERED, THE PETITIONER RESPECTFULLY REQUEST FROM THIS HONORABLE COURT. THAT UNDER ARTICLE I, SECTION 9. OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA IN WHICH; "ASSURES" THAT THE PRIVILEGE OF THE GREAT WRIT HABEAS CORPUS. "SHALL NOT" BE SUSPENDED OR LIMITED. USE OF THE WRIT BY THE FEDERAL COURTS WAS AUTHORIZED BY THE JUDICIARY ACT OF (1789) EX PARTE BOLLMAN, 4 BRANCH 75, 2 L. ED 554 (1807) ALSO OF THE CONSTITUTION OF TEXAS ARTICLE I SECTION 12. TEXAS CRIMINAL PROCEDURE - CODE & RULES ART 11.61 " 'REFUSAL' TO OBEY WRIT " THAT SUCH WRIT OF HABEAS CORPUS NOT BE SUSPENDED ANY LONGER FOR FUTURE DAMAGE TO WRIT 28 U.S.C. 2254.

## — PRAYER —

THAT THIS HONORABLE COURT TAKE INTO CONSIDERATION WHAT WAS SAID IN PETITIONER'S "MOTION FOR REBUTTAL," AS PETITIONER PLEADS HIS CASE BEFORE YOUR HONORABLE COURT AND BEFORE THE ALMIGHTY GOD. "THIS MOTION FOR REBUTTAL SHOULD BE GRANTED." PRO-SE PETITIONS, WHILE COURTS SHOULD LIBERALLY INTERPRET PRO-SE HABEAS CORPUS PLEADING WITH LENIENCY AND UNDERSTANDING SEE. SURKEY V. DEEDS D. NEV (1993) 824 F. SUPP 190

EXECUTED THIS DAY 17TH OF AUGUST 2001.

RESPECTFULLY SUBMITTED,
*Francisco X. Solis*
FRANCISCO X. SOLIS
TDC # 586219
STILE UNIT
3060 FM. 3514
BEAUMONT, TEXAS
— 77705 —

COPY
RS CC
8/17/01

— Pg 7 —

CAUSE NO. 90-CR-1024-C

| | | |
|---|---|---|
| STATE OF TEXAS | )( | IN THE DISTRICT COURT |
| V. | )( | 197TH JUDICIAL DISTRICT |
| FRANCISCO X. SOLIS, Applicant | )( | CAMERON COUNTY, TEXAS |

ORDER ON APPLICANT'S
APPLICATION FOR WRIT OF HABEAS CORPUS

Today, after having considered Applicant Francisco X. Solis' Application for writ of *habeas corpus*, his trial file, its evidence and "plea packet," the record of his plea and punishment, and the State's proposed Order, this Court finds and concludes that said Application cannot be favored on these grounds:

1. Applicant and others were charged by indictment with the offense of Capital Murder of Ricardo Garcia in this Cause Number and the Capital Murder of Anna Robles in Cause No. 90-CR-1023-C. /1/

2. Applicant's trial counsel was Judge Moises Vela, whom this Court judicially notices had been practicing criminal law as a prosecutor or a defense attorney for nearly 40 years at the time of Applicant's plea. Applicant's trial judge was Hon. Darrell B. Hester, whom this Court judicially notices was a district judge for nearly 30 years at the time of Applicant's plea. This Court finds that these incidents are significant toward a determination of most if not all of Applicant's allegations: if there were anything wrong, irregular, and/or unlawful about Applicant's plea and punishment, these persons would have noted and addressed

---

/1/ Applicant did not file an Application in Cause No. 90-CR-1023-C.

1



**SHARON KELLER**
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
SUE HOLLAND
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P HERVEY
CHARLES R HOLCOMB
JUDGES

# COURT OF CRIMINAL APPEALS
## STATE OF TEXAS

P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

TROY C. BENNETT, JR
CLERK
512 463-1551

RICHARD E. WETZEL
GENERAL COUNSEL
512 463-1600

**DATE:** _____

Dear Mr./Ms. _____; RE: 48,304-01
                                              90-CR-1024-C

Your letter has been received.  Please be advised:

____ Your application for habeas corpus relief must be filed in the trial court.

____ Motions for Rehearing from denials of habeas corpus relief are not authorized under Tex.R.App.Pro. 79.2(d)

____ The Court of Criminal Appeals does not provide copies of any records for free.  Our charge is $1.00 per page payable in advance with the money order being made out to Clerk, Court of Criminal Appeals.  Copies may be obtained cheaper through the State Law Library.  Please contact that agency for assistance.

____ Your records will not be returned to you because once records are received in this Court they become the permanent records of this Court.

✓ Your application for writ of habeas corpus has been received.  The status is:

    ____ Pending.  You will be notified when a decision is reached.

    ✓ Denied.  The application was denied with/without written order on 2/21/01.

    ____ Dismissed as a subsequent application on _____.

    ____ Other: _____.

Sincerely,

*Troy C. Bennett, Jr*

Troy C. Bennett, Jr., Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE WWW CCA COURTS STATE TX US

| | | |
|---|---|---|
| **CHIEF JUSTICE**<br>  ROGELIO VALDEZ<br><br>**JUSTICES**<br>  J. BONNER DORSEY<br>  FEDERICO G. HINOJOSA<br>  LINDA REYNA YAÑEZ<br>  NELDA V. RODRIGUEZ<br>  ERRLINDA CASTILLO<br><br>**CLERK**<br>  CATHY WILBORN | <br><br>*Court of Appeals*<br><br>*Thirteenth District of Texas* | NUECES COUNTY COURTHOUSE<br>901 LEOPARD, 10TH FLOOR<br>CORPUS CHRISTI, TEXAS 78401<br>361-888-0416 (TEL.)<br>361-888-0794 (FAX)<br><br>HIDALGO COUNTY<br>ADMINISTRATION BUILDING<br>100 E. CANO, 5TH FLOOR<br>EDINBURG, TEXAS 78539<br>956-318-2405 (TEL.)<br>956-318-2403 (FAX) |

February 28, 2001

**TO ALL ATTORNEYS OF RECORD:**

**RE:**   Appellate Case Number:   13-01-00137-CR

**Style:**  EX PARTE: FRANCISCO X. SOLIS

Dear Attorneys:

The relator's petition for writ of mandamus was this day DENIED WITH ORDER. A copy of the order is enclosed.

                                    Respectfully submitted,

                                    Cathy Wilborn, Clerk

CW:sdb
Enc.
cc:   Francisco X. Solis
      Hon. Yolanda De Leon
      Hon. Migdalia Lopez, Respondent
      197th District Court of Cameron County

# STATE BAR OF TEXAS



Office of the Chief Disciplinary Counsel

May 27, 1999

Francisco Solis
586219
Rt 2 Box 4400
Gatesville, TX  76597

Re:          F0059909065     Francisco Solis - Robert Franklin Ford

Dear Mr. Solis:

The disciplinary system of the State Bar of Texas serves one purpose: to investigate claims of professional misconduct committed by Texas lawyers. A lawyer is guilty of professional misconduct only if he or she is in violation of the Texas Code of Professional Responsibility or the Texas Disciplinary Rules of Professional Conduct effective January 1, 1990. These are the rules that regulate the conduct of Texas lawyers. The Code is printed in Vernon's Texas Codes Annotated, Volume 3 of the Government Code, Title 2, Subtitle G-Appendix A, Article X, Section 9 which can be found in your county law library. If an attorney has violated the Code, the Grievance Committee may discipline the attorney through a reprimand, suspension, or disbarment.

After carefully reviewing this grievance, it has been determined that the information provided does not allege professional misconduct as defined in the Code.

The rules allow for an appeal of this decision to the Board of Disciplinary Appeals. An appeal must be submitted in <u>writing</u>, within thirty (30) days after the date of this letter using the form enclosed.

In lieu of an appeal of this decision, pursuant to Rule 2.09, the complaint may be amended and re-filed with additional information **one time only.**

Please be reminded that pursuant to Rule 2.15 of the Texas Rules of Disciplinary Procedure, all information, proceedings, hearing transcripts, and statements, coming to the attention of the Investigatory Panel of the Grievance Committee must remain confidential and may not be disclosed to any person or entity

500 Throckmorton St., Suite 2600, Fort Worth, Texas 76102, (817)877-4993 (Fax 335-4249)

ClibPDF - www.fastio.com

No._____

BEFORE THE GRIEVANCE COMMITTEE
OF THE
STATE BAR OF TEXAS

THE MATTER OF:

Francisco X. Solis

                        Complaintant,

vs.

Attorney Robert F. Ford,

                        Respondent.

## COMPLAINT AND AFFIDAVIT

**TO THE HONORABLE GRIEVANCE COMMITTEE:**

    COMES NOW, in his own best capacity, Francisco Y Solis, Complaintant in the above styled matter and files before this honorable committee, this his issues of complaint against Attorney Robert F. Ford, practicing attorney in the State of Texas, in the city of Fort Worth, at 1300 Summit Ave. Ste. 418 76102-4418, Texas. In support of this complaint and grievance, the complaintant shows the committee the following:

**I.**

    That in or around mid to late August of the year 1997, I sent unsolicited legal materials in the form of trial transcripts and statements of facts, as well as other evidence materials to attorney Ford at 1300 Summit Ave. Ste 418 Fort Worth, TX 76102-4418. These legal and evidence materials were from a murder trial previously had in Brownsville TX, in which I was a defendent. After being found guilty and sentenced to a prison term in the Texas Department of Criminal Justice-Institutional Division, I was informed by an acquaintance, "Susie M.", that since Mr. Ford was somewhat familiar with the particulars of my case and that he was willing to assist me in bringing before the proper authorities, those criminal issues which I sincerely believe have a direct effect upon my innocence and freedom. Although Mr. Ford did not solicit the materials from me, upon the faith and trust that I had in my acquaintance "Susie M." I forwarded the materials to Mr. Ford.

    However, since the forwarding of my legal materials to Mr. Ford, I have received no further acknowledgements or communications from Attorney Ford concerning the matter of my criminal case. I have attempted on several occasions to contact Mr. Ford by written letters addressed to his business office asking that he would either inform me of "if" or "when" he expected or anticipated addressing the issues of my criminal conviction, or, that he would please return to me those materials which I had sent to him. Specifically, in or around January of 1998, and again in or around late August of

3.

property to me, I am suffering what I believe to be undue injustices and deprivations. In that, **because of his refusal to return my property, due to statues of limitations imposed by federal and state law, I have either already lost or soon will lose my right to bring my issues and exceptions before the proper courts or authorties.** The estimated value of those materials which are being unlawfully denied to me by Mr. Ford is two thousand five hundred dollars ($2500.00), and due to my inexperience at assessing the value of rights, I am unable to effectively place a proper value on the loss of those federal and state rights. Therefore I ask the court to award me actual damages of $2500.00 and punitive damages of twenty five thousand dollars ($25,000.00) for pain, suffering and mental anguish.

**PRAYER:**

    WHEREFORE PREMISES CONSIDERED, the Petitioner/Complaintant prays that citation and notice issue as required by law; and that the court grant him damages and such other relief requested in this complaint and petition.

    PETITIONER PRAYS FOR GENERAL RELIEF.

> Respectfully submitted;
>
> *Francisco X. Solis #586219*
> Francisco X. Solis-586219
> Rt 2 Box 4400
> Gatesville, TX 76597
> Pro Se Complaintant/Petnr

**AFFIDAVIT OR UNSWORN DECLARATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CORYELL | § |

    On this day, came Francisco X. Solis, pursuant to State Law, V.T.C.A. Civil Practice and Remedies Code, Section 132.001 - 132.003, and deposed as follows;

    My Name is Francisco X. Solis. I am over eighteen (18) years of age. I am of sound mind, fully capable and competent to make this Affidavit or Unsworn Declaration, and testify to the facts herein alleged. I have personal knowledge of the facts stated herein, and state that they all are true and correct to the best of my knowledge.

Executed on this __29__ day of __JUNE__, 1999.

> *Francisco X. Solis*
> Francisco X. Solis
> Affiant/Declarent.