IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
FILED

AUG 2 3 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FRANCISCO X. SOLIS, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-089 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Francisco X. Solis has filed a petition pursuant to 28 U.S.C. § 2254 (Docket No. 1) seeking to have his two consecutive life sentences imposed in 1991 set aside on the grounds of ineffective assistance of counsel, denial of his right to trial by jury and that the indictment was defective. The respondent Director of the Texas Department of Criminal Justice, Institutional Division has filed a Motion to Dismiss (Docket No. 6) on the grounds that the petition is time barred. For the reasons set forth below, the respondent's Motion to Dismiss should be granted.

### BACKGROUND

According to his Petition, Solis was sentenced on January 16, 1991, to two consecutive life sentences following his guilty pleas to charges of murder with a deadly weapon and murder.

There was, according to the Respondent, no appeal. On October 17, 2001, Solis filed his only state habeas application which was denied by the Court of Criminal Appeals without a written order on February 28, 2001. Solis' federal habeas petition is presumed to have been filed on March 29, 2001, the date it was signed.

## RECOMMENDATION

Since Solis did not appeal his conviction, it became final thirty days later. Tex. R. App. Proc. 26.2.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which contained a one year limitation statute for habeas petitions. 28 U.S.C. § 2244(d)(1)(A). The effective date of that Act was April 24, 1996. The Fifth Circuit, recognizing that it would be inequitable to apply the limitation period retroactively, adopted the rule that the period would start to run on the effective date of the Act. Thus, those convicted prior to April 24, 1996, had until April 24, 1997, to file their § 2254 petitions. Solis missed this date by almost four years.

There are tolling provisions in 28 U.S.C. § 2244(d)(2). Solis case fits none of those.

The Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE **RECOMMENDED** that the State's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Francisco X. Solis' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 23rd day of August, 2001.

John Wm. Black
United States Magistrate Judge