11

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS - BROWNSVILLE DIVISION -

FRANCISCO X. SOLIS, PETITIONER.

V.

GARY L. JOHNSON, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. RESPONDENT,

§ CIVIL ACTION NO. B-01-89

United States District Court
Southern District of Texas
FILED

SEP 04 2001

Michael N. Milby
Clerk of Court

PETITIONERS, MOTION OF OBJECTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PETITIONER SOLIS, FRANCISCO X IN SUCH STYLE AND FORM AND FILES THIS MOTION OF OBJECTION, TO THIS HONORABLE COURT AND WILL SHOW THE COURT THE FOLLOWING, WITH SUPPORTING FACTS.

I.

- JURISDICTION -

THIS COURT HAS JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER, PURSUANT TO 28 U.S.C § 2241 AND § 2254

II

- OBJECTION -

PETITIONER (SOLIS) FEELS THAT THE MAGISTRATE JUDGE SHOWED IMPARTIALITY AND CONFLICT OF INTEREST AS THE MAGISTRATE JUDGE (JOHN WM. BLACK) HAS NOT TOOKEN THE PROPER TIME TO FULLY REVIEW ALL FACT AND FINDINGS IN THIS MATTER.

ClibPDF - www.fastio.com

THE MAGISTRATE JUDGE INFORMATION IS .FILED AND BASED-ON RESPONDENTS JOHNSON'S EXHIBIT A; IN WHICH DOES NOT POSSES THE SUFFICIENT FACT'S OR MERITS TO HELP SUPPORT RESPONDENTS MOTION TO DISMISS AS BARRED. THE INFORMATION IN "THE EXHIBIT A" IS INCORRECT AND SHOULD NOT BE ACCEPTED AS (A) SUPPORTIVE EVIDENCE. THE MAGISTRATE JUDGE HAS A DUTY TO PERFORM AND SHOULD OF FUNCTION UNDER FORMER RULE. 28 U.S.C § 636 (b)(1) PROVIDES. RULE 8 (b) OF THE RULES GOVERNING SECTION § 2254. (b) FUNCTION OF THE MAGISTRATE, (1) WHEN DESIGNATED TO DO SO IN ACCORDANCE WITH 28 U.S.C. § 636(b) A MAGISTRATE MAY CONDUCT HEARINGS, "INCLUDING EVIDENTIARY HEARINGS" ON THE PETITION AND SUBMIT TO A JUDGE OF THE COURT PROPOSED FINDINGS OF FACT AND RECOMMENDATION FOR DISPOSITION. PETITIONER (SOLIS) ARGUES THAT THE MAGISTRATE DID NOT CONDUCT AN EVIDENTIARY HEARING OR REQUESTED FINDINGS OF FACTS. THE MAGISTRATE MENTIONED IN HIS RECOMMENDATION - QUOTE: "THE FIFTH CIRCUIT, RECOGNIZING THAT IT WOULD BE "INEQUITABLE" TO APPLY THE LIMITATION PERIOD RETROACTIVELY." IN FURTHER REFERRANCE SEE WILSON V. ISEMINGER, 185 U.S. 55, 60-63, 22 S.CT 573, 575, 46 L ED 804. WHERE THE COURT STATED!

"IT MAY BE PROPERLY CONCEDED THAT ALL STATUTES OF LIMITATION MUST PROCEED ON THE IDEA THAT THE PARTY HAS FULL OPPORTUNITY AFFORDED HIM TO TRY HIS RIGHT-IN THE COURTS. UNDER § 28 U.S.C.A § 2263 (b)(2)

(B) THE TIME REQUIREMENTS ESTABLISHED BY SUBSECTION (A) "SHALL BE TOLLED."

2) FROM THE DATE ON WHICH THE FIRST PETITION FOR POST-CONVICTION REVIEW OR OTHER COLLATERAL RELIEF IS FILED UNTIL THE FINAL STATE COURT DISPOSITION OF SUCH PETITION.

ClibPDF - www.fastio.com

THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, 110 STAT. 1214, SIGNED INTO LAW ON APRIL 24, 1996 ENACTED THE PRESENT 28. U.S.C §2254(d) (1994 Ed. Supp. II) THE ISSUE IN THIS CASE IS WHETHER THAT NEW SECTION OF THE STATUTE DEALING WITH PETITIONS FOR HABEAS CORPUS GOVERNS APPLICATIONS.... IT DOES NOT." SEE UNITED STATES V. CARTER 117 F.3d 262, 264 6N. 1 (5th Cir. 1997) MORAN V. STALDER, 127 F.3d 210, 211 (5th Cir 1997)

II

- SUMMARY JUDGMENT -

PETITIONER (Solis) WILL SHOW THIS HONORABLE COURT WHY THERE ARE "GENUINE ISSUES" IN HIS FEDERAL WRIT. THE FEDERAL HABEAS CORPUS STATUTE PROVIDES THAT FEDERAL COURTS ARE AUTHORIZED TO REVIEW CLAIMS AND GRANT RELIEF TO A STATE PRISONER ON THE GROUND THAT PETITIONER IS IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES, AS PETITIONER ALLEGATIONS WHERE BASED ON.

(1.) INEFFECTIVE ASSISTANCE OF COUNSEL
(2.) RIGHT TO TRIAL BY JURY.
(3) FUNDAMENTAL DEFFECTIVE INDICTMENT.

HISTORY OF PETITIONERS (Solis) CASE, "RIGHT TO TRIAL BY JURY". THIS CASE IS CLEAR AND UNEQUIVOCAL FACT, IS THIS CASE IS NOT ("AUTOMATIC") OR ("FINAL") DUE TO THE FACT, THAT, IN ALL CRIMINAL CAPITAL CASES THE CASE IS NOT FINAL UNTIL THE JURY VERDICT HAS BEEN RENDERED. SEE. V.A.C.C.P ARTICLE §1.12, §1.14(A), 257 (b)(2), 37.071(A) AND McCORMICK ET AL 7A TEXAS PRACTICE §74.07 (10th ed) ALSO, THE UNITED STATES CONSTITUTIONAL RIGHTS, ARTICLE III (3) SECTION (1) &(2) CONTROLLING CASES; EX PARTE McKINNEY. CITE AS 688 S.W. 2d 559 (TEX CR. APP. 1985), EX PARTE DOWDEN V. STATE 580 S.W. 2d 364, WOODSON V. NORTH CAROLINA. 428 U.S. 280, 96, SCT 2978, 19 LED 2d. 944.

ClibPDF - www.fastio.com

PETITIONER (Solis) WILL ATTACH A COPY OF THE ORIGINAL INDICTMENT: (CAPITAL MURDER - TWO COUNTS) TO HELP SUPPORT BOTH FEDERAL WRIT AND THE FACT THAT THE (A.E.D.P.A) ONLY APPLIES TO THOSE NON-CAPITAL HABEAS CORPUS CASES. UNDER 28. U.S.C.A § 2254 (b) SEE Lindh V. MURPHY, 117 S.CT. 2059, 2068 (1997) CONSTITUTIONAL LAW, 190 STATUTES 234.5. UNDER NORMAL CIRCUMSTANCES IT IS TRUE THAT TOLLING IS ONLY AVAILABLE IN EXCEPTIONAL CIRCUMSTANCES. A SUBSTANTIAL DELAY OF SEVERAL MONTHS IN RECIEVING INFORMATION THE COURT CAN ALLOW AN UNTIMELY PETITION TO PROCEED UNDER THE DOCTRINE OF EQUITABLE TOLLING IN EXTRAORDINARY CIRCUMSTANCES. SEE FISHER V. JOHNSON 174-3d 710, 713 (5th CIR 1999); Phillips V. Donelly 216 F.3d 508, 511 (5th CIR 2000) REHEARING GRANTED IN PART, 2000 WL-119-1624 (5th CIR 8-22-2000). MOREOVER CONCERNING THE ONE YEAR STATUTE OF LIMITATIONS STOPS DURING THE TIME ANY STATE WRIT IS DENIED. THERE IS THE NOTION OF "ACTUAL INNOCENCE A CLAIM WHICH REQUIRES A SHOWING THAT NO FINDING OF GUILT (OR SEVERE PUNISHMENT) WOULD LIKELY NOT HAVE HAPPENED ABSENT OF A CONSTITUTIONAL VIOLATION SEE CALDERON V. THOMPSON, 523 U.S. 538, 118 S.CT. 489, 140 L.Ed. 2d 728 (1998) NOW A FEDERAL PETITIONER MUST SHOW THAT THE COURT OF CRIMINAL APPEAL DENIAL OF HIS STATE WRIT WAS EITHER "CONTRARY TO" OR AN "UNREASONABLE APPLICATION" OF CLEARLY ESTABLISHED FEDERAL LAW, AS ENACTED BY THE U.S. SUPREME COURT, OR ELSE THAT THE STATE COURTS UNREASONABLY DETERMINED THE FACTS. OF THE CASE SEE. 28. U.S.C § 2254 (d) CASES DARRIAN V. STATE 807 S.W.2d 407 (TEX APP (HOUSTON) 1991), BROOKS V. TEXAS 990 S.W.2d 278 (TEX CR. APP 1999)

VI

- DIRECT APPEAL -

ClibPDF - www.fastio.com

PETITIONER (SOL ) FULLY UNDERSTANDS THAT NO-NOTICE OF DIRECT-APPEAL BY ASSISTANT COUNSEL WAS NOT FILED "ANDERS BRIEF." APPOINTED ATTORNEY FAILURE TO PURSUE AN APPEAL; ANDERS V. CALIFORNIA, 386 U.S. 738, 87 S.Ct. 396 (1961) COUNSEL'S INEFFECTIVENESS AND HIS DEFICIENT PERFORMANCE, PREJUDICED PETITIONERS DEFENSE IN WHICH CAUSED HARMFULL ERROR, COUNSEL SHOULD OF PURSUED AN APPEAL AS A LIFE SENTENCE IT-SELF" IS AN AUTOMATIC APPEAL, TEX. R. APP. RULE 71.1 DIRECT APPEAL. "CASES IN-WHICH THE DEATH PENALTY HAS BEEN ASSESSED UNDER CODE OF CRIMINAL PROCEDURE, "ARE APPEALED DIRECTLY TO THE COURT OF CRIMINAL APPEALS" WRIT NUMBER. 48,304-01 SEE ARTICLE I, SECTION 11A OF THE CONSTITUTION. MOREOVER, FILING OF NOTICES IN A CRIMINAL CASE. "THE COURT REPORTER "MUST" WITHIN 20 DAYS AFTER THE TIME TO PERFECT THE APPEAL HAS EXPIRED - FILE THE UNTRANSCRIBED NOTES OR THE ORIGINAL RECORDING OF THE PROCEEDING WITH THE TRIAL COURT. - CLERK. TEX. R. APP. PROC RULES 13.6. PETITIONER (SOLIS) QUESTIONS THIS PROCESS, AS IT WAS NOT MET BY SUCH COURT REPORTER OR COUNTY DISTRICT CLERK AS HIS CONVICTION WAS ASSESSED TO - "TWO CONSECTIVE LIFE SENTENCES" BUT, IN RESPONDENTS JOHNSON EXHIBIT A. ONLY RECORDS ONE LIFE (?) WAS THERE AN AGREEMENT BETWEEN DISTRICT ATTORNEY AND APPOINTED COUNSEL FOR AN OUT OF COURT APPEAL (?).

- PRAYER -

PETITIONER PRAYER, THAT THIS HONORABLE COURT TAKE INTO CONSIDERATION THE FACTS, AND ATTACHED EXHIBITS AND GRANTS, PETITIONERS MOTION OF OBJECTION. A JUDGE OF THE COURT SHALL MAKE "A DE NOVO" - DETERMINATION OF THOSE PORTIONS OF THE REPORT OF SPECIFIED PROPOSED FINDINGS OR RECOMMENDATIONS TO WHICH OBJECTION IS MADE.

ClibPDF - www.fastio.com

SEE POWELL V. UNITED STATES BUREAU OF PRISONS, 927 F.2d 1239, 1247-48 (DC CIR. 1991), DOUGLASS V. UNITED SERVICE AUTOMOBILE ASSOCIATION, 79 F.3d 1415 (5th CIR. 1996) AS PETITIONER HAS SHOWN THIS HONORABLE COURT, "A MANIFEST OF INJUSTICE" ON MAGISTRATE JUDGE'S IMPARTIALITY AND CONFLICT OF INTEREST CONCERNING HIS RE-COMMENDATION. PETITIONER HOPES THAT THIS HONORABLE COURT "GRANTS" HIS MOTION OF OBJECTION AND ASK THAT THIS HONORABLE COURTS EXCUSSES-PETITIONERS LACK OF EDUCATION IN THE LAW. AS HE IS NOT A CERTIFIED ATTORNEY.

EXECUTED THIS DAY 28, OF AUGUST 2001.

Respectfully Submitted,
[signature]
FRANCISCO X. SOLIS
TDC-# 586219
STILES UNIT
3060 FM. 3514
BEAUMONT, TEXAS
-77705-

Copied. NT
(3)
8/29/01.
H

ClibPDF - www.fastio.com

No. 90-CR-1023-C

# THE STATE OF TEXAS

vs.

ROGELIO CANNADY A/K/A ROY CANNADY, FRANCISCO J. SOLIS A/K/A FRANKIE SOLIS, JOHN RAY GARZA A/K/A J.R. GARZA AND DANNY KUHLKE

# INDICTMENT

OFFENSE:

"CAPITAL MURDER" - TWO COUNTS

LUIS V. SAENZ
Criminal County Attorney

A TRUE BILL:

Domingo Dequint
Foreman of Grand Jury

Filed on SEP 1 2 1990, 19

AURORA DE LA GARZA, CLERK OF DISTRICT COURTS OF CAMERON COUNTY, TEXAS

By Oralia Elizardo Deputy

Amount of Bail $ No Bond

NAMES OF WITNESSES

| | | |
|---|---|---|
| DW | CANNADY | 44765 |
| | SOLIS | 41904 |
| | GARZA | 44575 |
| | KUHLKE | 49578 |

Acosta, # unknown
Seprate Indictment

**THE STATE OF TEXAS**
COUNTY OF CAMERON

AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and foregoing is a true and correct copy of the Original Bill of Indictment, filed in said Court on ______________________ A. D. 19____ in Cause No. ______________________, styled the State of Texas vs. ______________________________________________

Given under my hand and seal of said court, at office in Brownsville, Texas, this ______________________ day of ______________________ A. D. 19____

AURORA DE LA GARZA, Clerk

By ______________________ Deputy

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
By ______________________ DEPUTY
Ozalie Elizondo

JAR

NO. 90-CR-00001023-C

THE STATE OF TEXAS — CAMERON COUNTY,

VS. — TEXAS

FRANCISCO J. SOLIS (ID#041904) (DOB: 03/28/72) — 197TH JUDICIAL DISTRICT

THE STATE OF TEXAS

TO THE SHERIFF OF CAMERON COUNTY, TEXAS, GREETING:

YOU ARE HEREBY COMMANDED to forthwith deliver to

FRANCISCO J. SOLIS

now in your custody, the accompanying certified copy of the indictment in Cause No. 90-CR-00001023-C, THE STATE OF TEXAS VS. FRANCISCO J. SOLIS

now pending in the 197TH District Court of Cameron County, Texas, and to make due return of this writ without delay.

Issued and given under my hand and seal of office this SEPTEMBER 14, 1990.

AURORA DE LA GARZA
Clerk of the District Courts of
Cameron County, Texas

BOND: NO BOND

By: Oralia Elizondo Deputy

Oralia Elizondo

ClibPDF - www.fastio.com

OFFICER'S RETURN

Came to hand on Sept 19, 1990 at 11 30 A .M., and executed on Sept 19, 1990 by delivering to within named defendant Francisco J. Solis, in person, a certified copy of indictment as directed by this writ.

Returned on Sept 19, 1990

ALEX PEREZ Sheriff/~~Constable~~

CAMERON COUNTY, TEXAS

By: R C Williams

Deputy

Precept to Serve Copy of Indictment

ClibPDF - www.fastio.com

19.03(a)(2)CAPITAL MURDER (in the course of committing felony)
TWO COUNTS

B: CANNADY 5/29/72, SOLIS 3/28/72, GARZA 7/22/72, KUHLKE 12/16/71 Form #10

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the JULY Term, A. D 19 90, of the 107TH Judicial District Court in and for said County, upon their oaths in said Court, present that ROGELIO CANNADY A/K/A ROY CANNADY, FRANCISCO J. SOLIS A/K/A FRANKIE SOLIS, JOHN RAY GARZA A/K/A J.R. GARZA AND DANNY KUHLKE

hereinafter called Defendants,

on or about the 29th day of June A. D One Thousand Nine Hundred and Ninety and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully while in the course of committing and attempting to commit the offense of KIDNAPPING of ANNA ROBLES, // intentionally [ONE] cause the death of ANNA ROBLES, // by strangling ANNA ROBLES with a deadly weapon, to wit: a bandana, which in the manner of its use and intended use was capable of causing serious bodily injury, [She had Ran Away From La Esperanza Home For Youth,]

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the Defendants, on or about the above mentioned date and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully, while in the course of committing and attempting [DON'T MAKE SENSE.] to commit the offense of AGGRAVATED SEXUAL ASSAULT of ANNA ROBLES, // intentionally cause [TWO] the death of ANNA ROBLES, // BY STRANGLING ANNA ROBLES ...

28 U.S.C. 2254 (Federal Writ)
Read (C.)
Ground three
Fundamentally defective
Indictment pg.7 also,
Attached pg(12.)

The element of: Knowingly, Recklessly are not mentioned, as it is required to prove the mental state of "each parties sudden passion."

... State of Texas, did then DON'T MAKE SENSE.

and there unlawfully, while in the course of committing and attempting to commit the offense of AGGRAVATED SEXUAL ASSAULT of ANNA ROBLES, intentionally cause the death of TWO ANNA ROBLES, by strangling ANNA ROBLES with a deadly weapon, to wit: a bandana, which in the manner of its use and intended use was capable of causing serious bodily injury,

THE DOCTER'S REPORT SHOWED THE SAME ON YOUR'S. "NEGGATIVE"

THERE'S A VATO ENVOLVED - Ricky Garcia. HE died ASWELL. THAT NIGHT. THEN ANNA.

against the peace and dignity of the State.

Domingo [signature]

Foreman of the Grand Jury

ClibPDF - www.fastio.com