13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
— BROWNSVILLE DIVISION —

United States District Court
Southern District of Texas
FILED

OCT 15 2001

Michael N. Milby
Clerk of Court

FRANCISCO X. SOLIS §
      PETITIONER, §
                  §
VS.               §   CIVIL ACTION NO. B-01-089
                  §
GARY L. JOHNSON, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION §
      RESPONDENT, §

## PETITION FOR CERTIFICATE
## — OF APPEALABILITY —

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FRANCISCO X. SOLIS, PETITIONER IN THE ABOVE STYLED CAUSE, AND FILES THIS PETITION FOR CERTIFICATE OF APPEALABILITY OF THE DENIAL OF HIS PETITION FOR WRIT OF HABEAS CORPUS.

### I.
### THE SHOWING REQUIRED FOR THE ISSUANCE
### OF A CERTIFICATE OF APPEALABILITY

PETITIONER "SOLIS" UNDERSTANDS THAT IN OBTAINING A CERTIFICATE OF APPEALABILITY REQUIRES A SUBSTANTIAL SHOWING OF CONSTITUTIONAL ERROR. 28 U.S.C § 2253 (C)(2): DRINKARD V. JOHNSON, 97 F.3d 751, 756 (5th CIR. 1996) THIS ENTAILS THAT THE QUESTION(S) AT ISSUE BE (A) DEBATABLE AMONG REASONABLE JURIS—

— pg 1 —

(B) OF A TYPE WHICH COULD BE RESOLVED IN THE PETITIONERS FAVOR, OR (C) "ADEQUATE TO DESERVE ENCOURAGEMENT OF FURTHER PROCEEDING'S". LOZADA V. DEEDS, 498 U.S. 430, 432, 111 S.CT. 860, 862, 112 L.Ed 2d 956 (1991)

## II
## THE QUESTIONS AT ISSUE

1) THE PETITIONER'S ALLEGATIONS RAISED IN HIS WRIT OF HABEAS CORPUS WHERE NOT CHALLENGED BECAUSE OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996? IN WHICH THERE IS A 1-YEAR PERIOD OF LIMITATION, AND A TOLLING OF THE LIMITATIONS PERIOD? THERE IS NO TIME OF LIMITATION ON THE GREAT OF HABEAS CORPUS?

2) THE PETITIONER WAS DENIED A FAIR IMPARTIAL TRIAL BECAUSE OF PETITIONERS ASSISTANCE COUNSEL LACK OF INTEREST, WHO DID NOTHING TO PREPARE THE PROPER DEFENSE BEING THAT SUCH SERIOUS CASE WAS A CAPITAL MURDER, THE STATE WAS SEEKING THE DEATH PENALTY?

3) THE PETITIONER UNDERSTANDS THAT IN A CAPITAL MURDER CASE, HE IS ENTITLED TO A FAIR IMPARTIAL JURY TRIAL, WHERE PETITIONER COULD HAVE THE CHANCE TO PROVE HIS INNOCENCE?

4) THE PETITIONER FEELS THAT THE INDICTMENT'S FAILURE TO RECITE AN ESSENTIAL ELEMENT OF THE CHARGED OFFENSE IS NOT A MINOR OR TECHNICAL FLAW.... BUT A FATAL FLAW REQUIRING DISMISSAL OF THE INDICTMENT?

# IV
## THE QUESTION(S) AT ISSUE
### — (EMPHASIS) —

THE PETITIONERS ALLEGATIONS RAISED IN HIS WRIT OF HABEAS CORPUS WHERE NOT CHALLENGED, BECAUSE OF THE ANTI-TERRORISM AND EFFECTIVE-DEATH PENALTY ACT OF 1996, IN WHICH THERE IS A 1-YEAR PERIOD OF LIMITATION, AND A TOLLING OF THE LIMITATIONS PERIOD. THERE IS NO TIME OF LIMITATION ON THE GRANT OF HABEAS CORPUS NOR SHOULD IT BE SUSPENDED "UNDER NO CONDITIONS". PETITIONER "solis" IN A NEW PARAGRAPH WILL GIVE ALL THE REASONS WHY THIS QUESTION SHOULD BE RECONSIDERED (c) "ADEQUATE TO DESERVE ENCOURAGEMENT OF FURTHER PROCEEDINGS". LOZADA V. DEEDS, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed. 2d 956 (1991) BEING THAT PETITIONER did FILE A TIMELY WRIT OF HABEAS CORPUS UNDER SAME ACT. (A.E.D.P.A.) (d)(2):

"THE TIME during which A properly filed applicatio. FOR STAT POST-CONVICTION OR OTHER COLLATERAL REVIEW WITH RESPECT TO THE PERTINENT JUDGEMENT OR CLAIM IS PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMITATIONS UNDER THIS SUBSECTION." ALSO. 28 U.S.C. § 2263 (b)(2) IN NOT CHALLENGING PETITIONERS ALLEGATIONS, HAS denied HIM OF : EQUAL PROTECTION OF DUE PROCESS LAW, GUARANTEED BY PETITIONERS CONSTITUTIONAL RIGHTS 5th, 14th. AMENDMENT such bias and ~~prejudice~~ PREJUDICES WAS SHOWN

-p93-

BECAUSE such Judge Filemon B. Vela is petitioners attorney's brother (MOSES VELA) Judge Filemon B. Vela should of adviced the court's and rescued himself from handling petitioners Federal writ. Judge Filemon B. Vela's bias and prejudicee has caused damaging harming error in the proceeding of petitioners writ. As petitioner is raising the ineffectiveness of appointed counsel.

## IV

The ineffectiveness of petitioners "Solis" court appointed attorney and his difficient performance, prejudiceed his defense that such improper misconduct (function) caused harmfull error to the extent that such harmfull error denied petitioner a fair impartial trial V.T.C.A. Penal Code Art. 103 (5) and Art. 1.051 (A). Counsel's violation to common law also violated petitioners constitutional rights his 6th, 14th Amendment: "The Right to effective assistance of counsel: counsel did nothing to for petitioner's defense, no motions were filed, no supporting witness called, no objection, no defense of temperrally insanity, counsel showed no interrest in petitioners capital case, counsel should adviced the court thru an Anders brief and withdrew himself from the case. Washington V. Strickland 693 F.2d 1243, 446 U.S. 668." The harmfull error rule under Tex. R.App. 44.2 (A) or 44.2 (B) pertaining to the constitutional rights violation. This reason is debatable among reasonable jurists. Lozada V. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.ed. 2d 956 (1991). -pg4-

## V

THE PETITIONER UNDERSTANDS THAT THE STATE COULD OF NOT WAIVED THE DEATH PENALTY IN A CAPITAL MURDER CASE, LIKE WISE DEFENDENT CA NOT VALIDLY WAIVE RIGHT TO TRIAL BY JURY. V.T.C.A PENAL CODE ART § 1.12, 1.14(A), 12.57(b)(c 37.071 (A) SUPPORT PETITIONERS ALLEGATIONS AND THE UNITED STATES CONSTITUTIONAL RIGHTS ARTICLE (3) SECTIONS (1) § (2),(5),(7)(14th) AMENDMENTS FEDERAL RULES OF EVIDENCE TITLE 28, U.S.C § 2072. RULES OF CIVIL PROCEDURE.

## VI

PETITIONER'S INDICTMENT MUST ALLEGE THE ELEMENTS OF THE OFFENSE CHARGED AND THE FA WHICH INFORM THE OFFENSE CHARGED TO INFORM TH DEFENDANT OF THE SPECIFIC OFFENSE WITH WHI HE IS CHARGED. SEE UNITED STATES V. DOBO, 186 F.3d 1177, 1179 (9th CIR 1999) THE COMMON LAW ELEMENT OF SPECIFIC INTENT. THE DISTRICT ATTORNE DID NOT AMEND SUCH INDICTMENT. PETITIONERS CONSTITUTIONAL RIGHTS WERE VIOLATED 5th AMENDMEN THUS, IF STATE CANNOT OR DOES NOT AMEND CHARGIN INSTRUMENT AFTER EXCEPTION TO ITS FORM OR SUBSTAN IS SUSTAINED, THE PROSECUTION IS EFFECTIVELY TER- MINATED. SEE BROOKS V. STATE 921 S.W.2d 875 (T.9

### -PRAYER-

WHEREFORE, PETITIONER PRAYS THE COURT ISSUES A CERTIFICATE OF APPEALABILITY ON EACH OF THE ABOVE QUESTIONS IN THIS CAUSE.

EXECUTED THIS DATE
OCTOBER 8th 2001

COPY/X

RESPECTFULLY SUBMITTED
Francisco X. Solis
FRANCISCO X. SOLIS
TDC # 846219
STILE UNT.

pg 5