IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| FRANCISCO X. SOLIS, | § | |
|     Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | CIVIL ACTION NO. B-01-089 |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
|     Defendant-Respondent. | § | |
| | § | |
| | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Francisco X. Solis ("Solis") has filed a petition for certificate of appealability ("COA") (Docket No. 13). For the reasons set forth below, the petition is denied.

To issue a COA in this case, this court must apply a two-prong test. 28 U.S.C. § 2253; *Davis v. Johnson*, 158 F.3d 806, 809. The court must first determine whether Solis has made a credible showing that his claim should not have been dismissed as time-barred. *Davis*, 158 F.3d at 809 If Solis satisfies this requirement, then the court must determine whether his claims regarding his underlying state court conviction raise a substantial showing of the denial of a constitutional right. *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") has a one-year statute of limitations. 28 U.S.C. § 2244(d)(1)(A). To ensure that federal habeas claims filed before the effective date of AEDPA were not retroactively time-barred, the Fifth Circuit adopted a one-year grace period beginning on the Act's effective date, April 24, 1996. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846 142 L.Ed.2d 700 (1999), and

*reh'g denied*, 525 U.S. 1188, 119 S.Ct. 1135, 143 L.Ed.2d 128 (1999). Thus, Solis must have filed his § 2254 petition by April 24, 1997. Solis, however, did not file his federal petition until March 29, 2001. It is almost four years late.

In order to utilize AEDPA's tolling provision under 28 U.S.C. § 2244(d)(2), Solis would have had to file a state writ of habeas corpus during the same one-year grace period adopted by the Fifth Circuit. Solis filed his only state habeas application on October 17, 2001. This was more than four years after the one-year grace period ended. No application for state court collateral review was pending during the grace period, and consequently, Solis cannot employ the tolling provisions of AEDPA.

Accordingly, Solis has failed to make a credible showing that his claims should not have been dismissed as time-barred. The inquiry ends here.

IT IS **ORDERED** that Francisco X. Solis's petition be **DENIED**.

DONE in Brownsville, Texas, on this __19th__ day of __October__, 2001.

Filemon B. Vela
United States District Court Judge