IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

FRANCISCO X. SOLIS
PETITIONER

§
§
§
§
§
§
§

VS.

HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT
FILEMON B. VELA

RESPONDENT

CIVIL ACTION NO.
B-01-089

United States District Court
Southern District of Texas
FILED
NOV 13 2001
Michael N. Milby
Clerk of Court

MOTION TO DISQUALIFY
AND
RECUSAL OF APPELLATE JUDGE

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, FRANCISCO XAVIER SOLIS IN THE ABOVE CIVIL ACTION NO. B-01-089 AND CAUSE NO 90-CR-102 C, FILES THIS MOTION TO DISQUALIFY AND RECUSAL OF APPELLATE JUDGE. FILEMON B. VELA IN ACCORDANCE TO, TEXAS CODES & RULES — CIVIL LITIGATION RULE 18G. PETITIONER SOLIS, WILL SHOW THE FOLLOWING

— Pg 1 —

# I
## Jurisdiction

This court has jurisdiction over the parties and the subject matter, pursuant to 28 U.S.C. § 2241 and § 2254, § 2072.

# II
## Disqualification

Petitioner Solis, contends that such Judge Filemon B. Vela should of upheld to the best of his required ability to represent and protect the deginity of "Justice" as well of the U.S. Const' Rights of petitioner, Judge Filemon B Vela decisions has caused harmfull error, as well, he (F.B. Vela) showed bias and prejudice in his impartially in which denied petitioner-"Solis" a fundimental fairness of proceedings. Moreover, Judges shall disquilfy themselves" in all -proceedings" in which: (3) <u>They know that, individually or as a fiduciary, "They have an interest in the subject matter in controversy."</u> Petitioner Solis, fully acknowleges - "now" (thru personal research) who Judge Filemon B Vela, is, he is petitioner Solis(s), court appointed attorney: "Moses Vela" - ~~Brother~~, Moses Vela handled petitioner's sol capital murder case back in Jan. 1991. Petitioner "Solis" in one of his allegation that was raised in 28. U.S.C. § 2254: The ineffectiveness assistance of counsel, prejudiced petitioners defense, that such improper misconduct (function) caused harmfull error to the

-pg2-

EXTENT THAT PETITIONER WAS DENIED A FAIR IMPARTIAL TRIAL V.T.C.A PENAL CODE ART 1.03 (5) THAT IN A CAPITAL MURDER CASE. — PETITIONER COULD OF NOT PLEAD GUILTY, BECAUSE THE STATE COULD OF NOT WAIVED THE DEATH — PENALTY IN A CAPITAL MURDER CASE, LIKE WISE DEFENDENT CAN NOT VALIDLY WAIVE THE RIGHT TO TRIAL by JURY; SEE V.T.C.A PENAL CODE ARTS 2. 1.12, 1.14 (A), 1257 (b)(2) § 37.071 (A) — McCORMICK ET AL. 7A TEXAS PRACTICE 74.07 (10th "ALSO," THE UNITED STATES CONSTITUTIONAL RIGHT'S — Article III (3) SECTION 1 & 2 & 7 : PETITIONERS CASE IS NOT "AUTOMATIC" UNTIL SUCH CAPITAL MURDER CASE GOES BEFORE A JURY TRIAL AND RECIEVE'S VERDICT / CONVICTION. PETITIONER SO. IS ILLEGALLY CONFIND AND RESTRAINT OF HIS LIBERTY. TITLE 28 UNITED STATES CODE § 2072 Rule OF CIVIL PROCEDURE: "SUCH RULES SHALL NOT ABRIDGE, ENLARGE OR MODIFY ANY SUBSTATIVE RIGH AND SHALL PRESERVE THE RIGHT OF TRIAL by — JURY AS AT COMMON LAW, AS DECLARED by THE SEVENTH AMENDMENT TO THE CONSTITUTION." SUC ATTORNEY MOSES VELA did INDEED VIOLATE SERUAL OF PETITIONERS CONSTITUTIONAL RIGHTS. PETITIONER SOLIS, REALIZES THAT THIS MATTER, COULD OF BEEN DELT AT THE LOWER COURTS, BEFORE REACHING THE HIGHER COURTS. PETITIONER SOLIS, PLEAD'S TO THIS HIGHER COURTS, TO "PLEASE", TAKE INTO FULL CONSIDERATION THE CONSTITUTIONAL VIOLATION.

-Pg 3-

The Honorable Judge Filemon B. Vela had a duty to preform as well as a responce bility as a Federal Judge to "NOTIFY" the lower/Higher Courts of his situation - being that there was a conflict of interest and request his Rescusal, in which could of allowed petitioner Solis 28. U.S.C. § 2254 writ a more fundimental fairness proceeding.

## III

### Objection to Judges Order Denying (C.O.A)

Respondent Filemon B. Vela only challenge the petitioners allegations of his 28. U.S.C. §22__ writ, was that of the (A.E.D.P.A) and it's one-year statute of limitation that only applies to those non. capital Habeas Corpus writ cases. See. Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) The (A.E.D.P.A) provides a (grace) tolling of the limitations period as follows:

(d)(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under subsection.

28. U.S.C. § 2244(2)(B)(i)(ii)

The Facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but fo

-pg 4-

CONSTITUTIONAL ERROR, NO REASONABLE FACT FINDER WOULD HAVE FOUND THE APPLICANT GUILTY OF THE OFFENSE.

28. U.S.C.A § 2263 (b)(2)

(B) THE TIME REQUIREMENTS ESTABLISHED BY SUB-SECTION (A) SHALL BE TOLLED.

(2) FROM THE DATE ON WHICH THE FIRST PETITION FOR POST-CONVICTION REVIEW OR OTHER COLLATERAL RELIEF IS FILED UNTIL THE FINAL STATE COURT DISPOSITION OF SUCH PETITION: PETITIONER Solis MET THE ONE-YEAR TIME OF LIMITATION AS HIS POST-CONVICTION FINAL DISPOSITION WAS ON THE FEBRUARY (COURT OF CRIMINAL APPEALS DENIED) FEBRUARY 28, 2001; PETITIONER Solis FILED HIS FEDERAL WRIT OF HABEAS CORPUS ON OR NEAR MARCH 29, 2001. SEE: UNITED STATES V. CARTE 117 F.3d 262, 264 6N.1 (5th CIR 1997), MORAN V. STALDER, 127 F.3d 210, 211 (5th CIR 1997), Phillips V. Donnelly 216 F.3d 508, 511 (5th CIR 2000) REHEARING GRANTED IN PART, 2000 WL 119-1624 (5th CIR 8-22-2000), Felder V. Johnson 204 F3d 168, 171-72 (5th CIR 2000) (PETITION FOR CERT FILED MAY 8, 2000) (NO-99-10243); FISHER V. JOHNSON 158 F.3d 806, 811 (5th CIR 1998) 526 U.S. 1074 (1999).

AMENDMENTS TO HABEAS CORPUS STATUS BY ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT - DID NOT APPLY TO PENDING NON-CAPITAL CASES, CREATED ENTIRELY NEW CHAPTERS (154 & 1.07) FOR HABEAS PROCEEDINGS IN CAPITAL CASES, WITH

-pg 5-

with special rules favorable to states, th[at] meet certain conditions, that expressly appl[y] to pending cases, so that by negative im[-]plication, amendments were to apply on[ly] to those non-capital cases filed enactme[nt] 28. U.S.C.A. §2254 (b).

Article I, Section 9 of the Constitution of the United States of America: Assures tha[t] the privilege of the writ of habeas corp[us] shall not be suspended or reduced to any limitations.

Constitution of Texas. Article I, Section 12, The writ of habeas corpus is a writ of right, and shall never be suspended. The legislature shall enact laws to render th[e] remedy speedy and effectual. Petitioner Solis, has legitimate reason why there are genuine issues in his federal writ.

## IV
## Rescusal

Petitioner Solis, would like to bring to the attention of this court that Judge Filemo[n] B. Vela and his manifest of injustice has caused harmful error and has denied pe[-]titioner Solis a fundamentally fairness in t[he] proceeding of his federal writ. A judg[e] has an obligation, he should rescused hi[mself]

-P96-

himself in any proceeding in which (A) his impartiality might reasonably be questioned (B) he has a personal bias or prejudice concerning the subject matter or a party," personal knowledge of disputed evidentia facts concerning the proceedings.

(ii) is known by the judge to have an intere that could be substantially affected by t outcome of the proceeding. See: Thomas v Arn. 474 U.S. 140, 155, 106 S.Ct 466, 475, 88 L.Ed 2d. 435 (1985).

## PRAYER

Petitioner Solis pray's to this court that what was mentioned concerning the consitutional violation be taken into consideration and Judges Filemon B. Vela order denying certificate of appealability be "denied" and such allegations raised in petitioner Solis. 28 U.S.C. 2254 writ be reconsidered for further review as petitioner has shown a violation of his constitutional rights. Also, petitioner Solis, desires to proceed in forma pauperis, such attached.

Executed this 24, day of October, 2001.

Truly yours,

Francisco X. Solis
Francisco X. Solis
TDC # 586219
Stiles Unit

— pg 7 —